IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL M. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-0283-JB-MU |
| ) | |
| BALDWIN COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Daniel M. Wilson, a former inmate at the Baldwin County Jail, proceeding without an attorney (*pro se*) and without prepayment of fees (*in forma pauperis*), filed a complaint and amended complaint under 42 U.S.C. § 1983. (Docs. 1, 9, 10, 13). Because Plaintiff has failed to prosecute his action, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

## I. Background

Plaintiff initially filed his complaint in this action in August of 2024. (Doc. 1). Thereafter, Plaintiff filed an amended complaint (which consisted of four separate filings). (*See* Docs. 9-11, 13). After reviewing the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court found it was due to be dismissed. Rather than dismissing the amended complaint, however, the Court informed Plaintiff of the deficiencies, instructed Plaintiff on the legal standards for asserting the alleged claims, and provided Plaintiff with an opportunity to amend his complaint to state a claim upon which relief could be granted. Plaintiff was ordered to file a second amended complaint

by December 30, 2024. (Doc. 16). Plaintiff was cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 9).

A copy of the order was mailed to Plaintiff at the address he provided, but the order was returned by the U.S. Postal Service, stamped as "RETURN TO SENDER Not at this Address." (Doc. 9). The Court confirmed by an independent internet search that Plaintiff was released from the Baldwin County Jail on October 28, 2024 (see http://bcsonline.co.baldwin.al.us/smartweb/jail.aspx) (last visited January 27, 2025). Plaintiff did not inform the Court of his release, nor did he provide a new address. Consequently, the Court was unable to locate Plaintiff.

Because the deadline for compliance with the Court's order passed without Plaintiff filing a second amended complaint curing the deficiencies of his amended complaint and because Plaintiff failed to update the Court as to his release from the Baldwin County Jail and failed to provide a new address or contact information, the Magistrate Judge recommended that Plaintiff's action be dismissed without prejudice for failure to prosecute, under both Rule 41(b) and the Court's inherent authority. (Doc. 18). On February 19, 2025, the District Judge adopted this recommendation and dismissed Plaintiff's complaint without prejudice. (Docs. 20 and 21).

On April 11, 2025, Plaintiff filed a motion requesting an extension of time because he could not keep up with his paperwork due to being in the Foley and Gulf Shores jails. (Doc. 23). Plaintiff also provided an updated address. (*Id.*). Therefore, the District Judge withdrew his order dismissing the case and ordered Plaintiff to file an

2

amended complaint by May 19, 2025. (Doc. 24). This order was mailed to Plaintiff, at the address he provided, on April 28, 2025. As of today's date, Plaintiff has not filed an amended complaint and, therefore, has not complied with the Court's order. (See Docket Sheet).

## II. Legal Analysis

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, the deadline for compliance with the Court's order has passed, and Plaintiff has failed to file a second amended complaint curing the deficiencies of his amended complaint.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## III. Conclusion

3

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **June 2025**.

                                                **/s/ P. BRADLEY MURRAY**
                                                **UNITED STATES MAGISTRATE JUDGE**